## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF VIRGINIA

### Alexandria Division

| | | |
|---|---|---|
| Charles Lorenzo Butler,<br>   Petitioner, | ) | |
| | ) | |
| v. | ) | 1:14cv243 (LO/TRJ) |
| | ) | |
| Gregory Holloway,<br>   Respondent. | ) | |

## MEMORANDUM OPINION

Charles Lorenzo Butler, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the validity of his convictions in the Circuit Court for the City of Virginia Beach, Virginia of first-degree murder, attempted second-degree murder, and the use of a firearm during the commission of a felony. Petitioner filed the instant petition on February 7, 2104. On June 2, 2014, respondent filed a Motion to Dismiss and Rule 5 Answer, with a supporting brief and numerous exhibits. Petitioner was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and he filed a reply on June 24, 2014. For the reasons that follow, petitioner's claims must be dismissed as barred by the statute of limitations.

### I.

On July 19, 2010, petitioner was sentenced to fifty-four years' incarceration after a jury trial on charges of first-degree murder, attempted second-degree murder, and two counts of the use of a firearm during the commission of murder. Commonwealth v. Butler, Case Nos. CR07-2129, CR03-150, CR03-192, CR04-4498. Petitioner filed a direct appeal of his conviction in the Court of Appeals of Virginia, which denied the appeal on February 2, 2011. A three-judge panel also denied petitioner's appeal on May 26, 2011. Butler v. Commonwealth, R. No. 1583-10-1

(Va. Ct. App. 2011). On November 18, 2011, the Supreme Court of Virginia denied petitioner's petition for appeal. Butler v. Commonwealth, R. 111171 (Va. 2011).

On September 25, 2012, petitioner filed a petition for writ of habeas corpus in the Circuit Court for the City of Virginia Beach, raising thirteen grounds of error, including ineffective assistance of trial and appellate counsel, errors by the trial court, and prosecutorial misconduct. The court dismissed the petition on March 5, 2013. Butler v. Dir., Dep't of Corr., Case No. CL12-5385 (Va. Cir. Ct. 2013). Petitioner filed an appeal to the Supreme Court of Virginia, which dismissed the appeal on July 25, 2013, after "finding that the appeal was not perfected in the manner provided by law because the appellant failed to timely file the notice of appeal and petition for appeal . . . ."[1] Butler v. Dir. Dep't of Corr., R. No. 130979 (Va. 2013). The court denied petitioner's petition for re-hearing on September 19, 2013. Id.

On February 7, 2014, petitioner filed the instant petition, raising eight allegations of ineffective assistance of trial counsel, one allegation of ineffective assistance of appellate counsel, two allegations of trial court error, two allegations of prosecutorial misconduct, one allegation of a violation of the Confrontation Clause, and one allegation that the evidence was insufficient to sustain his conviction.[2] See Pet. Handwritten Att., at #12, Claims (1)-(15). On

---

[1] Va. Sup. Ct. Rule 5:9(a), cited by the Supreme Court of Virginia in its dismissal order, provides that "[n]o appeal shall be allowed unless, within 30 days after the entry of final judgment. . . , counsel for the appellant files with the clerk of the trial court a notice of appeal and at the same time mails or delivers a copy of such notice to all opposing counsel." Va. Sup. Ct. Rule 5:17(a)(1), also cited by the Supreme Court of Virginia, requires a petition for appeal to be filed with the Supreme Court of Virginia "not more than three months after entry of the order appealed from."

[2] For purposes of calculating the statute of limitations, a petition is deemed to be filed when a prisoner delivers his pleading to prison officials. See Houston v. Lack, 487 US. 266, 269-72 (1988). Petitioner stated that he placed his petition in the prison mailbox on February 7, 2014. The Court received the petition on March 7, 2014.

June 2, 2014, respondent filed a Motion to Dismiss petitioner's claims. Petitioner filed a response on June 24, 2014. Accordingly, this matter is now ripe for review.

## II.

As the respondent argues in his motion to dismiss, petitioner's petition must be dismissed as time-barred. A § 2254 petition for a writ of habeas corpus must be dismissed if filed more than one year after (1) the judgment of conviction becomes final; (2) the removal of any state-created impediment to the filing of the petition; (3) recognition by the United States Supreme Court of the constitutional right asserted; or (4) the factual predicate of the claim could have been discovered with due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D).

As discussed above, the Supreme Court of Virginia denied petitioner's direct appeal on November 18, 2011. Therefore, petitioner's conviction became final on February 16, 2012, the last day on which he could have petitioned the United States Supreme Court for a writ of certiorari.[3] In calculating the one-year statute of limitations period, however, a federal court must toll any time during which "a properly filed application for State post-conviction or other collateral review . . . is pending." 28 U.S.C. § 2244(d)(2). Whether a state post-conviction proceeding is "properly filed" is determined by applicable state law, as interpreted by state courts. See Pace v. DiGuglielmo, 544 U.S. 408, 413 (2005); Artuz v. Bennett, 531 U.S. 4, 8 (2000).

Based on the records of the state proceedings, petitioner filed a petition for a writ of habeas corpus in the Circuit Court for the City of Virginia Beach on September 25, 2012. The court dismissed his petition on March 5, 2013. The Supreme Court of Virginia refused petitioner's appeal of the Circuit Court's dismissal on July 25, 2013, based on an explicit finding

---

[3] See U.S. Sup. Ct. R. 13(1) (petitions for a writ of certiorari are timely if filed within 90 days of the entry of final judgment by a state court of last resort).

that petitioner did not comply with Va. Sup. Ct. Rules 5:9(a) and 5:17(a)(1), which govern the

timeliness of petitions for appellate review. Because the Supreme Court of Virginia expressly

determined that petitioner had failed to comply with state procedural requirements, his appeal

was not "properly filed," and thus did not toll the § 2244(d)(1) statute of limitations. See, e.g.,

DiGuglielmo, 544 U.S. at 414 ("When a postconviction petition is untimely under state law, 'that

is the end of the matter,' for purposes of [tolling under] § 2244(d)(2).") (internal citations

omitted).

Between February 16, 2012, when petitioner's conviction became final, and September

25, 2012, the date on which he filed his habeas corpus petition in the Circuit Court for the City of

Virginia Beach, 222 days passed. Between September 25, 2012, and March 5, 2013, when the

circuit court dismissed petitioner's habeas corpus petition, the § 2244(d)(1) statute of limitations

was tolled. However, the statute began to run again on March 5, 2013. Because petitioner's

appeal of the circuit court's dismissal was improperly filed in the Supreme Court of Virginia, no

tolling occurred during the pendency of the appeal. Between March 5, 2013, and February 7,

2014, the date petitioner filed his federal petition, an additional 339 days passed. Petitioner

therefore filed his federal petition 561 days after his conviction became final, or 196 days beyond

the one-year limit of § 2244(d)(1). See Resp't's Br. in Supp. of Mot. to Dismiss & Rule 5

Answer (Dkt. No. 15), at ¶ 9.

### III.

Petitioner argues that he submitted his petition for appeal of the circuit court's dismissal

of his habeas petition in a timely manner. He argues that he received the circuit court's dismissal

order on March 25, 2013, and filed his petition for appeal of that order on March 29, 2013. See

Pet'r's Mot. to Show Cause for Why Pet. Should not be Barred from Federal Review ("Pet'r's

Mot.") (Dkt. No. 8), Ex. 1a. He states that the "Circuit Court failed to acknowledge the fact that they received [his] motions," id., and that, as a result of the court's "unprofessional antics," he was prevented from timely filing his appeal in the Supreme Court of Virginia. See id. at 2. To support his claims, petitioner provides a copy of his notice of appeal from the circuit court's dismissal order, dated March 29, 2013, and notarized. See id. Ex. 3.

In response to petitioner's July 31, 2013 letter to the Circuit Court for the City of Virginia Beach, making the above allegations, the clerk of the circuit court informed petitioner that "the notice of appeal would have been date stamped the same day [the court] received it." Id. Ex. 1a. Attached to this letter is a chart with the dates on which the court received "legal mail . . . from [Wallens Ridge State Prison]," petitioner's correctional institution at the time, showing that the court received mail from petitioner on April 5 and April 10, 2013. Id. Ex. 2. Petitioner also received a letter from the circuit court on August 27, 2013, stating that the clerk "checked all of [petitioner's] files and did not see any paperwork in the files referring to the dates. . . stated in [his] letter." Docs. in Supp. to Pet. for Writ of Habeas Corpus (Dkt. No. 4), at Att. 6 (Letter from Deputy Clerk to Charles Butler). In addition, the records received from the Circuit Court for the City of Virginia Beach contain another copy of petitioner's appeal petition, which is dated as having been signed by petitioner on April 4, 2013. This petition was filed by the clerk of the circuit court on April 15, 2013. Thus, it appears that the Circuit Court for the City of Virginia Beach did not receive petitioner's petition for appeal until at least April 4, 2013.

A federal court reviewing a habeas corpus petition must "presume the [state] court's factual findings to be sound unless [petitioner] rebuts 'the presumption of correctness by clear and convincing evidence.'" Miller-El v. Dretke, 545 U.S. 231, 240 (2005) (quoting 28 U.S.C. 2254(e)(1)); see also Lenz v. Washington, 444 F.3d 295, 300-01 (4th Cir. 2006). As petitioner

has not provided any evidence, other than his own statements, that his petition for appeal was timely filed in the state courts, this Court cannot reach a conclusion contrary to that reached by the Supreme Court of Virginia in its dismissal of petitioner's appeal. Therefore, petitioner's federal habeas corpus petition is barred by the one-year statute of limitations provided in § 2244(d)(1).

## IV.

Although petitioner does not specifically use the term, he appears to argue that the statute of limitations should be equitably tolled, due to the fact that his delay in filing his appeal in the Supreme Court of Virginia did not prejudice the Commonwealth. See Brief in Supp. to Pet.'s Traverse to Resp. to Show Why Writ Should be Granted, at ¶ 9. He also argues that the circumstances surrounding his untimely filing in the Supreme Court of Virginia show cause and prejudice for his resulting procedural default in that court. Id. at ¶ 6. The United States Supreme Court has held that "§ 2244(d) is subject to equitable tolling in appropriate cases." Holland v. Florida, 560 U.S. 631, 634 (2010). The United States Court of Appeals for the Fourth Circuit has also held that the limitations may be equitably tolled in limited circumstances. See, e.g., Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003).

However, the Fourth Circuit has held that "any resort to equity must be reserved for those instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Id. at 246. Therefore, for equitable tolling to apply, a petitioner must establish that (1) he has been diligently pursuing his rights, and that (2) some "extraordinary circumstance," beyond his control and external to his own conduct, interfered with his ability to timely file his petition. Holland, 560 U.S. at 649 (quoting Pace, 544 U.S. at 418).

Here, petitioner attempts to argue that the statute of limitations should be tolled because the Circuit Court for the City of Virginia Beach deliberately mishandled his petition for appeal. Petitioner asserts that, because the court did not mail its final judgment until March 20, 2013, fifteen days after its issuance, he was "automatically bar[red] . . . from filing a timely petition and appeal." Pet'r's Mot., Ex. 1a. Such an argument is without merit, however. While some courts have held that delayed notice of a state court action can justify equitable tolling, see Miller v. Collins, 305 F.3d 491, 496 (6th Cir. 2002) (pro se petitioner entitled to equitable tolling where delayed notice amounted to six months and petitioner "acted diligently to protect his rights both before and after receiving notice" by filing a motion with the state court when no order appeared to have been issued), petitioner received his notice well within the thirty-day period required for him to file a notice of appeal. He thus cannot rely on court-created delay as a justification for equitable tolling.

In addition, as stated above, petitioner has provided no evidence of misconduct on the part of the Circuit Court for the City of Virginia Beach, and has provided no evidence to support a determination by this Court that the factual findings of the Supreme Court of Virginia were incorrect. The Supreme Court of Virginia's finding that petitioner failed to timely file his appeal is presumed to be correct, and the Court cannot equitably toll the statute of limitations simply because petitioner failed to follow state procedural rules. A prisoner who fails to diligently protect his rights cannot take advantage of equitable tolling. See, e.g., Spencer v. Sutton, 239 F.3d 626, 630 (4th Cir. 2001).

Therefore, equitable tolling is not applicable to this case. Because the petition must be dismissed as time-barred, the Court has no reason to determine the application of other procedural defenses or the merits of petitioner's claims.

7

## V.  Conclusion

For the foregoing reasons, Butler's petition was filed beyond the one-year limitations period of § 2244(d)(2), and no equitable tolling is available.  Accordingly, this petition will be dismissed.  An appropriate Judgment and Order will issue.

Entered this _____ day of _____ 2014.

Alexandria, Virginia

_____ /s/
Liam O'Grady
United States District Judge

8